UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Leah Getchel,<br><br>individually and on behalf of all others similarly situated,<br>                                    Plaintiff,<br><br>     -v.-<br><br>Wakefield and Associates, Inc.,<br><br>                                    Defendant(s). | Case No: 2:21-cv-2436<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Leah Getchel ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendants Wakefield and Associates, Inc. ("Wakefield") and, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully sets forth, complains, and alleges the following based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over State law claims in this action, if any, pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Tennessee consumers for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of Tennessee, county of Shelby.

8. Defendant Wakefield is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a service address c/o Incorp Services, Inc., 1585 Mallory Ln, Ste 104, Brentwood, TN 37027-3036.

9. Upon information and belief, Defendant Wakefield is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10. Wakefield identified itself as a "professional debt collection agency" in its Letter to Plaintiff, described below.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of Tennessee;

   b. in two sub-classes:

      1. The Collection Letter Class where:

         i. Defendant Wakefield sent an initial collection letter;

         ii. attempting to collect a consumer debt;

         iii. where the letter imposed an additional transaction fee for credit card payments;

         iv. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action; or

      2. The Lawsuit Class where:

         i. Defendant Wakefield filed a lawsuit;

         ii. on behalf of a medical provider;

         iii. to collect on a consumer debt;

         iv. which lawsuit was filed, continued, or otherwise maintained on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class is the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over

    any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to May 8, 2021, Plaintiff allegedly incurred an obligation to non-party Regional One Health ("Regional One").

22. The alleged debt arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically medical services.

23. The alleged Regional One obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Regional One is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. According to Defendant's letter, Regional One referred this account to Wakefield to collect the debt.

26. Defendant Wakefield collect and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

*Violation – May 8, 2021 Collection Letter*

27. On or about May 8, 2021, Wakefield sent Plaintiff a collection letter regarding the alleged Regional One debt. See Letter attached as Exhibit A.

28. The collection letter indicated that a $5.95 service fee may apply to credit card payments.

29. Plaintiff did not agree to such a collection charge.

30. The addition of this collection fee by Defendant which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff.

31. Defendant misled and deceived Plaintiff into believing she owed an additional $5.95 transaction fee.

32. Due to Defendant's actions, Plaintiff was confused.

33. In addition, Plaintiff disputes owing this debt in its entirety.

34. Wakefield filed a lawsuit against Plaintiff to collect on this alleged debt.

35. However, although Plaintiff appeared in the state court collection action for a hearing on June 24, 2021, Wakefield's witness did not.

36. Wakefield's collection lawsuit against Plaintiff was then voluntarily dismissed by Wakefield.

37. Wakefield did not intend to pursue the collection action against Plaintiff.

38. Upon information and belief, Wakefield only planned on pursuing the case if Plaintiff defaulted.

39. When Plaintiff did not default, they only pushed the case as far as possible to try and coerce Plaintiff to pay that which she did not owe.

40. And when Plaintiff refused to allow Wakefield to bully payment from her, Wakefield just dismissed the case.

41. The collection action served to harass Plaintiff without basis.

42. Upon information and belief, Wakefield did not intend to prosecute through trial its collections actions on behalf of medical providers against debtors that did not default.

43. Defendant's actions caused Plaintiff to be misled as to the status of the debt and to her rights.

44. Defendant's actions were false, deceptive, and/or misleading.

45. Plaintiff was concerned and confused by the Defendant's actions.

46. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

47. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

48. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action and in requiring her to appear in court unnecessarily.

49. Each member of the putative class was also damaged in the time, money, and effort required to respond to the bogus state-court collection actions.

50. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

51. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

52. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

53. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

54. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

55. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

56. Plaintiff repeats the allegations as if set forth here.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

58. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. Defendant violated said section, as described above, by making false, deceptive, and misleading representations, in violation of §§ 1692e, 1692e (2), 1692e (4), 1692e (5), and 1692e (10).

60. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

61. Plaintiff repeats the allegations above as if set forth here.

62. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

63. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

64. Defendant violated said section, as described above, by filing and maintain a bogus collections lawsuit and demanding an unauthorized $5.95 fee for credit card payments in violation of §§ 1692f (1) and 1692f.

65. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

66. Plaintiff repeats the above allegations as if set forth here.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

68. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the consumer a written notice containing –…
>
> (1) the amount of the debt;

69. Defendant violated this section by adding unauthorized fees to the debt for credit card payments and stating the incorrect amount of the debt owed.

70. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

71. Plaintiff repeats the above allegations as if set forth here.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

73. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

74. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

75. Defendants violated said section, inter alia, by initiating and continuing the state-court collections action without intending to pursue it unless Plaintiff defaulted, and ultimately dismissing it when Defendant was unable to prosecute the claim.

76. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Leah Getchel, individually and on behalf of all others similarly situated, demands judgment from Defendant Wakefield as follows:

i. Declaring that this action is properly maintainable as a Class Action, and certifying Plaintiff as Class representative and Eliyahu Babad, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Nassau County, NY
      June 28, 2021

Respectfully submitted,

**Stein Saks, PLLC**

s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ 07601
Ph: (201) 282-6500 x121
ebabad@steinsakslegal.com

*Attorneys for Plaintiff*